BENJAMIN F. HOLLEY AND PHOEBE J. HOLLEY
v.
DAVID H. KNAPP.

*Attorney and Client—Action for Services—Dispute as to Contract of
Employment—Verdict of Jury—Variance Between Præcipe and Declara-
tion—Evidence.*

1.  In an action brought by an attorney to recover for services rendered
by him, where there was a conflict of evidence as to the terms under
which he was engaged, this court holds that the verdict of the jury was
justified by the evidence.

2.  Where the defendants pleaded to the declaration without objec-
tion, and made no point in the Circuit Court, it is too late to object here
that the amount of damages laid in the declaration exceeded the amount
named in the præcipe.

3.  A letter, written by defendants' son to the plaintiff, held, in the case
presented, to have been properly admitted in evidence, it appearing that
it was written at defendant's request, about the business in controversy.

[Opinion filed December 12, 1892.]

APPEAL from the Circuit Court of Kankakee County; the
Hon. ALFRED SAMPLE, Judge, presiding.

Messrs. H. L. RICHARDSON and O. G. BARTLETT, for appel-
lants.

Messrs. STEPHEN R. MOORE and WILLIAM POTTER, for
appellee.

MR. JUSTICE CARTWRIGHT.  This action was brought by
the appellee, David H. Knapp, against the appellants, Ben-
jamin F. Holley and Phoebe J. Holley, his wife, to recover
a balance claimed to be due for legal services rendered and
personal expenses incurred in pursuance of an employment
of appellee by appellants.  There was no dispute on the
trial that the appellee was employed, and that he rendered

services and incurred expenses, nor was it disputed that appellants paid him money from time to time on account. The contention was as to the terms of employment, the amount of expenses chargeable to appellants, the value of the services rendered, and the amount of payments.

Appellee and the appellant Benjamin F. Holley, were the only witnesses to the employment, and they agreed that when appellants were visiting at Norwich, New York, in 1880, an arrangement was made with appellee, between whom and themselves there was a relationship, that he should come to this State, where appellants resided at Momence, and assist local attorneys in litigation on behalf of appellants. Appellee testified that the agreement was that he should be well paid if he would come, while Holley testified that appellee said that it would not cost appellants much over and above expenses, and that he would go anyway, if he didn't get any more than expenses. Appellee admitted the payment to him of $1,016, which exceeded his charges for expenses, and he obtained a verdict for $1,600, balance due. The evidence was that the services were worth $10 per day and expenses, at which rate his charges amounted to $3,137.95 for *per diem* and expenses, and after giving credit for $1,016, he claimed a balance of $2,121.95. It is apparent that the jury found that the employment was general, and we are not prepared to say that they were not right. The remaining controversy as to matter of fact related to the amount of services and expenses chargeable, and the amount of payment. The expenses charged included money paid for cigars, newspapers and other things, which, it is contended, are not properly included in the expense account, and appellants claimed to have made some payments not credited by appellee, and also claimed that appellee was visiting and hunting and fishing during time charged to them. The jury did not allow the amount of appellee's claim, and we think the deductions made sufficient to cover all just objections on the ground stated. Holley kept no regular account of payments, and his testimony was largely guess-work on that subject. We think appellants were credited by the jury with all payments made.

It is objected that the court admitted certain letters written by John Lane to appellee. They were written about the business and were proven to have been written by Lane, a son of Mrs. Holley, for appellants at their request. There was no error in their admission.

The damages named in the præcipe were $1,500, while the damages laid in the declaration were $2,000, and it is objected that the verdict and judgment exceeded the amount named in the præcipe. The record recites that summons was issued and returned served, but that it was lost, and the amount named in it is not stated. Appellants pleaded to the declaration and made no point in the Circuit Court on that question. It is too late to raise it now. It was agreed that the court might instruct the jury orally, and the oral statement made by the court in pursuance of that agreement is objected to. The statement contained no proposition of law, but told the jury to exercise their good common sense and do what was right. The court is only authorized to instruct as to the law of the case, but the advice was of a kind that probably did no harm. At any rate, no point was made concerning it in the motion for a new trial, and we will not discuss it further.

The judgment will be affirmed.

*Judgment affirmed.*